IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER R.YORK                                                                                    PLAINTIFF

    v.    Civil No. 6:21-cv-06102

HINDERSON, Arkansas Division of
Correction, Ouachita Unit; and BEARD,
Arkansas Division of Correction, Ouachita Unit                                            DEFENDANTS

## REPORT AND RECOMMENDATION

  This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred the matter to the undersigned for the purpose of making a Report and Recommendation.

  Plaintiff, Christopher R. York, currently an inmate of the Washington County Detention Center ("WCDC"), filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 1, 3).

### I. BACKGROUND

  The allegations of Plaintiff's Complaint occurred in March 2019, while Plaintiff was an inmate in the Ouachita Unit of the Arkansas Division of Correction. (ECF No. 1). Plaintiff states two claims. His first claim is stated against "Hinderson" in both his official and individual capacity. (ECF No. 1 at 4, 5). Plaintiff states the claim is for "Slandering, Defamation of Character." (ECF No. 1 at 4). Specifically, Plaintiff states: "my name was slandered by

1

Hinderson & Defamation of character. Hinderson called me a dick sucker punk fag & Bitch consistently, constantly while in ISO. He humiliated my name in ISO's & ruined my reputation as a prisoner over a period of time & slaughtered my name. I was emotionally mentally physically injured." (ECF No. 1 at 4). When asked to describe the custom, policy, or widespread practice that Plaintiff believes caused an official capacity violation of his constitutional rights, Plaintiff states: "my name was slandered by Hinderson & defamation of character he slaughtered humiliated & ruined my name as a prisoner." (ECF No. 1 at 5).

Plaintiff's second claim is stated against "Beard" in both his official and individual capacity. (ECF No. 1 at 6, 7). Plaintiff states the claim is for "Slandering & Defamation of Character" and again relates to March 2019. (ECF No. 1 at 6). Specifically, Plaintiff states: "when around Beard Beard called me a dick sucker and a little Bitch & fag, punk he slaughtered my name humiliation and ruining my reputation as a inmate that was Defamation of character and slandering I was in Hallways and ISO around Beard I was emotionally, physically, mentally. I was hopeless depressed insecure looking for a better way to deal with my problems as being slandered by inmates & employees & that is defamation of character." (ECF No. 1 at 6). When asked to describe the custom, policy, or widespread practice that Plaintiff believes caused an official capacity violation of his constitutional rights, Plaintiff states: "I was slandered by name calling and humiliating & ruining my name that is defamation of character." (ECF No. 1 at 7).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary

2

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III.  DISCUSSION

The essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.  *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).  To state a claim, plaintiff must establish that each defendant "personally violated plaintiff's constitutional rights"  *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014)(citation omitted).

Slander, defamation, and humiliation, while unprofessional and distasteful conduct, do not state a constitutional violation.  "[D]efamation, *per se*, is not actionable under section 1983.  *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981).  The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause.  *Paul v. Davis*, 424 U.S. 693, 711-12 (1976).  In other words, the " Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations."  *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 400 (3d Cir. 2000).

Similarly, "[f]ear or emotional injury which results solely from verbal harassment or idle

threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). Taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983).

Both of Plaintiff's claims are subject to dismissal.

### IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint be dismissed without prejudice as the claims are frivolous. *See* 28 U.S.C. § 1915A(b). I recommend that the dismissal of this action count as a strike under 28 U.S.C. 1915(g)

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED** this 19th day of July 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE